UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                        Civil No.

vs.                                           Honorable:
                                             Magistrate Judge:

ONE HUNDRED FORTY-EIGHT
THOUSAND THREE HUNDRED
FIFTY-FOUR DOLLARS AND NINETY-ONE
CENTS ($148,354.91) IN U.S. CURRENCY
SEIZED FROM JP MORGAN CHASE BANK
ACCOUNT NO. 839083867,

        Defendant *in rem*.
_____/

## COMPLAINT FOR FORFEITURE

Plaintiff, the United States of America, by and through Matthew Schneider, United States Attorney for the Eastern District of Michigan, and Adriana Dydell, Assistant United States Attorney, states the following in support of this Complaint for Forfeiture:

1.     This is an *in rem* civil forfeiture action under Title 18, United States Code, Sections 981(a)(1)(A) and (a)(1)(C); Title 18, United States Code, Section 984; Title 21, United States Code, Section 881(a)(6); and Title 31, United States Code, Section 5317(c).

2. This Court has original jurisdiction over this forfeiture action under Title 28, United States Code, Section 1345 because the action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action under Title 28, United States Code, Section 1355(b)(1)(B) and Title 28, United States Code, Section 1395 because the property was found in the Eastern District of Michigan.

4. Venue is proper before this Court under Title 28, United States Code, Section 1391(b) because the property that is the subject of the action is situated in the Eastern District of Michigan and the Defendant *in rem* is subject to the court's personal jurisdiction in the Eastern District of Michigan.

5. Venue is also proper before this Court under Title 28, United States Code, Section 1395 because the action accrued and because the Defendant *in rem* was found and seized in the Eastern District of Michigan.

## DEFENDANT *IN REM*

6. The Defendant *in rem* consists of One Hundred Forty-Eight Thousand Three Hundred Fifty-Four Dollars and Ninety-One Cents ($148,354.91) in U.S. Currency seized from JP Morgan Chase Bank Account No. 839083867 (also referred to as the "Defendant Currency"). Special Agents of Homeland Security Investigations ("HSI") seized the Defendant Currency on or around March 16, 2020 at JPMorgan Chase Bank in Detroit, Michigan.

## FACTUAL BASIS IN SUPPORT OF FORFEITURE

7. The Defendant Currency is forfeitable to the United States of America under one or more of the following forfeiture statutes: Title 18, United States Code, Sections 981(a)(1)(A) and (a)(1)(C); Title 18, United States Code, Section 984; Title 21, United States Code, Section 881(a)(6); and Title 31, United States Code, Section 5317(c) as property with a nexus to violations of one or more of the following statutes: Title 18, United States Code, Sections 1956, Title 21, United States Code, Section 841, and Title 31, United States Code, Section 5324. Evidence supporting forfeiture includes, but is not limited to, the following:

a. On October 19, 2019, Fabian Andres Plata-Ocampo, a Colombian citizen, arrived at the Detroit Ambassador Bridge Port of Entry driving a rental vehicle with a Georgia license plate.

b. On primary inspection, Plata-Ocampo told U.S. Customs and Border Protection ("CBP") Officers that he was lost and did not intend to go to Canada. Plata-Ocampo also told officers that he was carrying $10,000 in U.S. currency.

c. During secondary inspection, CBP Officers and a K-9 searched Plata-Ocampo's vehicle and discovered several bundles of U.S. Currency hidden in the dashboard and several bags located in the vehicle. The currency found hidden in the vehicle and on Plata-Ocampo's person totaled $178,427.

      d.      During the search of the vehicle, CBP Officers also found several bank transaction receipts from different bank accounts and branch locations, a Mexican driver's license with Plata-Ocampo's picture and another name, and paperwork showing that the vehicle was rented in Chicago, IL using the fraudulent Mexican driver's license.

      e.      During an interview, Plata-Ocampo stated that he had done approximately five money pick-ups over the course of approximately four months in the Los Angeles, CA area and that this was his first money pick up outside of Los Angeles. Plata-Ocampo told the agent that he was given a cellular telephone and received instructions via text message and phone call regarding when and where to pick up money.

      f.      Plata-Ocampo told agents that on this occasion he flew from Los Angeles, CA to Chicago, IL, rented a vehicle and drove to Columbus, OH to pick up money from an unknown individual. Plata-Ocampo was in the metro Detroit area waiting for directions regarding where to deposit the money.

      g.      The bank receipts found in the rental vehicle showed that from October 17 to October 19, 2019, $194,740 cash was deposited in amounts of $10,000 and under in 22 bank transactions at different bank branches in Illinois, Indiana, and Ohio.

4

h.  Plata-Ocampo's cellular phones contained hundreds of photographs of cash deposit receipts, "bulk cash," and messages describing currency amounts, bank account numbers, names, and phone numbers. The photographs of bank receipts showed 807 bank deposits conducted between April 15 and August 28, 2019 totaling $5,769,319.20.

i.  Plata-Ocampo stated he would pick-up between $50,000 and $175,000 U.S. Currency and then wait for deposit instructions. Plata-Ocampo stated he deposited money into bank accounts at JPMorgan Chase, Bank of America, Citibank, and Wells Fargo. Once the transaction was complete, Plata-Ocampo would send his "boss" a picture of the cash deposit receipt to confirm the transaction.

j.  On March 16, 2020, HSI executed seizure warrants for 17 accounts at JPMorgan Chase Bank, 26 accounts at Bank of America, 1 account at PNC Bank, and 4 accounts at Wells Fargo.

k.  Among the accounts seized was a JPMorgan Chase account in the name of AS3 Trans Express Logistics LLC.

l.  Based on bank receipts found in Plata-Ocampo's vehicle and on his cellular phones, Plata-Ocampo made the following cash deposits into the AS3 account:

5

| Date of Deposit | Location of Deposit | Branch # | Amount of Deposit |
|---|---|---|---|
| 5/28/2019 | City of Industry, CA | 741439 | $9,800.00 |
| 5/28/2019 | Diamond Bar, CA | 741644 | $9,900.00 |
| 5/29/2019 | City of Industry, CA | 741439 | $9,060.00 |
| 5/29/2019 | Walnut, CA | 128838 | $8,540.00 |
| 5/29/2019 | West Covina, CA | 741640 | $9,000.00 |
| 5/29/2019 | Baldwin Park, CA | 741617 | $8,500.00 |
| 5/29/2019 | La Puenta, CA | 740914 | $8,300.00 |
| 5/29/2019 | El Monte, CA | 127119 | $8,200.00 |
| 5/29/2019 | El Monte, CA | 741634 | $8,400.00 |
| 5/30/2019 | Upland, CA | 741392 | $9,600.00 |
| 5/30/2019 | Upland, CA | 749834 | $9,700.00 |
| 5/30/2019 | Los Angeles, CA | 741442 | $500.00 |
| 5/31/2019 | Yorba Linda, CA | 741358 | $9,800.00 |
| 5/31/2019 | Placentia, CA | 115465 | $9,700.00 |
| 5/31/2019 | Placentia, CA | 741263 | $9,650.00 |
| 5/31/2019 | Brea, CA | 741131 | $9,850.00 |
| 5/31/2019 | Buena Park, CA | 741281 | $9,750.00 |
| 5/31/2019 | Cerritos, CA | 741471 | $9,600.00 |

| 6/1/2019 | Montebello, CA | 741293 | $9,800.00 |
| 6/1/2019 | Alhambra, CA | 742955 | $5,000.00 |
| 6/3/2019 | Chino, CA | 135942 | $9,800.00 |
| 6/5/2019 | Pico Rivera, CA | 741292 | $9,800.00 |
| 6/5/2019 | Huntington Park, CA | 1277 | $9,750.00 |
| 6/5/2019 | Whittier, CA | 741287 | $9,800.00 |
| 6/5/2019 | TBD | 20846 | $9,480.00 |
| 6/5/2019 | LaHabra, CA | 741342 | $9,670.00 |
| 6/5/2019 | Brea, CA | 741131 | $9,800.00 |
| 6/5/2019 | Brea, CA | 746807 | $9,600.00 |
| 6/5/2019 | Fullerton, CA | 741477 | $9,400.00 |
| 6/5/2019 | Fullerton, CA | 744246 | $9,700.00 |
| Total: | | | $269,450.00 |

## **CLAIM**

8. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 7, including subparagraphs.

9. The Defendant Currency is forfeitable to the United States of America under one or more of the following forfeiture statutes: Title 18, United States

Code, Sections 981(a)(1)(A), (a)(1)(C), 984; Title 21, United States Code, Section 881(a)(6); and/or Title 31, United States Code, Section 5317(c).

## **CONCLUSION AND RELIEF**

Plaintiff, the United States of America, respectfully requests that this Court issue a warrant for arrest of the Defendant *in rem*; that due notice be given to all interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendant *in rem* condemned and forfeited to the United States for disposition according to law; and that the United States be granted such other and further relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

Matthew Schneider
United States Attorney

s/Adriana Dydell
Adriana Dydell
Assistant U.S. Attorney
211 W. Fort St., Ste. 2001
Detroit, MI 48226
Phone: (313) 226-9125
(CA 239516)

Dated: August 20, 2020    Adriana.Dydell@usdoj.gov

## **VERIFICATION**

I, Doug V. MacQuarrie, state that I am a Special Agent with United States Homeland Security Investigations ("HSI"). I have read the foregoing Complaint for Forfeiture, and declare under penalty of perjury that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents.

           DOUGLAS V MACQUARRIE  
           Digitally signed by DOUGLAS V MACQUARRIE  
           Date: 2020.08.19 12:24:48 -04'00'  
_____  
Doug V. MacQuarrie  
HSI Special Agent

Dated: _____, 2020